IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCENT E. ZIMMERMAN,)
)
      Plaintiff,)
)
 -vs-)   Civil Action No. 14-1742
)
CAROLYN W. COLVIN,)
COMMISSIONER OF SOCIAL SECURITY,)
)
      Defendant.)

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Vincent E. Zimmerman filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on August 3, 2011, alleging a disability beginning on May 30, 2006, due to, among other things, back and knee pain, eyesight issues, arthritis, sinus problems, and difficulty walking. (R. 10) He subsequently amended the alleged onset date of disability to July 2, 2010. (R.10) The claims were denied initially on January 5, 2012. (R. 10) Pursuant to his request, a hearing was held on April 2, 2013. (R.66) A vocational expert appeared and testified. (R. 96) The ALJ denied the claim by written decision dated May 3, 2013. (R. 24) Zimmerman requested review by the Appeals Council, which was denied. He then brought this action seeking judicial review pursuant 42 U.S.C. § 405(g) and 1383(c)(3).

Before the Court are Cross-Motions for Summary Judgment. (Docket Nos. [10] and [14]). Both parties have filed Briefs in Support of their Motions and Zimmerman filed a Reply Brief. (Docket Nos. [11], [15] and [19]). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, the ALJ's decision is affirmed.

1

## I. BACKGROUND

Zimmerman was born in 1964 and was 48 years old at the time of the hearing. (R. 71) He is divorced, with one adult child, and lives with his mother. (R. 72) Zimmerman has a high school diploma and served in the Army for three years during which time he received training as a truck driver. (R. 72) He also completed two years of auto body training while in high school. (R. 270, 591) Zimmerman has a driver's license and drives to doctor's appointments. (R. 72) He is currently unemployed but has past work experience, in part, as a security guard, as a laborer for heavy equipment operators, as a driller's helper, as a plumber's helper and as a car detailer. (R. 74-76) He occasionally helps with laundry and other housework such as vacuuming and doing the dishes. (R. 82) Zimmerman is also able to make small meals. (R. 83) Zimmerman reports that he spends the day straightening up the house, watching television, making sure the animals are fed and taking care of his dog. (R. 84-85)

As stated above, the ALJ concluded that Zimmerman has not been under a disability within the meaning of the Social Security Act since July 2, 2010. (R. 11) Specifically, the ALJ determined that Zimmerman's chronic left atypical lumbosacral radiculitis; mild degenerative changes, right second finger; minor narrowing of C4-6 vertebrae; mild L4-5 vertebral disc bulge; mild right cubital tunnel syndrome; adjustment disorder / depression NOS; and anxiety NOS constituted severe impairments, but that those impairments did not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulation No. 4. (R. 14-16) The ALJ further concluded that Zimmerman was capable of performing a range of work activity that requires no more than a "light" level of physical exertion with certain limitations. (R. 16) At the fourth step of the analysis, the ALJ found that Zimmerman could not perform his past relevant work. (R. 22) However, at the fifth step, the ALJ concluded that Zimmerman retained the residual functional capacity to perform the jobs of: garment sorter / marker and a machine tender. (R. 23)

Consequently, the ALJ denied his claim.[1]

Zimmerman challenges the ALJ's decision in several respects. For instance, he contends that the ALJ erred in evaluating the medical evidence of record. He further challenges the hypothetical the ALJ posed to the vocational expert. Finally, Zimmerman contends that the ALJ relied upon incomplete vocational information in making a residual functional determination. For the reasons set forth below, I reject each argument.

## II. LEGAL ANALYSIS

### A) Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

---

[1] In so finding, the ALJ considered Zimmerman's prior claims for SSI and DBI. Those claims were denied by the ALJ on February 9, 2010 and the Appeals Council denied his request for review on September 20, 2010. (R 10) As the ALJ noted, the denial represented Zimmerman's residual functional capacity at that point in time because he failed to further appeal the case. See 20 C.F.R. §§ 404.981, 416.1481 Consequently, the ALJ looked to that earlier decision: "[t]o the extent any previously stated and since uncontradicted evidentiary findings contained within the early unfavorable hearing decision of February 9, 2010, may continue to offer support for the conclusions reached within the present determination, such findings are expressly incorporated by reference herein." (R. 11)

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

**B) Discussion**

    1. Evaluation of the Medical Opinions

The longstanding case law within this Circuit is that the report of a treating physician

should be accorded greater weight than that of a non-examining consultant. *Brownawell v. Comm'r. of Soc. Sec.*, 554 F.3d 352, 357 (3d Cir. 2008). This is true particularly if that physician's treatment record or opinion "reflects expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000), *quoting*, *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Indeed, "[i]t is axiomatic that the Commissioner cannot reject the opinion of a treating physician without specifically referring to contradictory medical evidence." *Moffatt v. Astrue*, 2010 U.S. Dist. LEXIS 103508 at * 6 (W.D. Pa. 2010). If a "treating source's opinion as to the nature and severity of a claimant's impairments is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record,' it will be given 'controlling weight.'" *Wiberg v. Colvin*, Civ. No. 11-494, 2014 WL 4180726 at * 21 (D. Del. Aug. 22, 2014), *quoting*, 20 C.F.R. § 404.1527(c). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." 20 C.F.R. § 416.927(c)(4). That is, unless there is contradictory evidence, an ALJ may not reject a treating physician's opinion. An ALJ's own credibility judgments, speculation or lay opinion is not sufficient. *Wiberg*, 2014 WL 4180726 *citing, Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). The Court of Appeals for the Third Circuit explains:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where … the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r. of Social Sec. Admin.*, Civ. No. 10-2517, 2010 WL 5078238 at * 5 (3d Cir. Dec. 14, 2010).

Section "1" in the "Argument" portion of Zimmerman's Brief in Support of Motion for Summary Judgment, is entitled "The Commissioner erred as a matter of law in evaluating the medical opinions of record." *See ECF Docket No*. [12], p. 10. In it, Zimmerman references much of the above law. Ostensibly he believes that the ALJ violated the treating physician doctrine in denying him benefits. Significantly, however, Zimmerman failed to apply any facts to the law. There is a topic heading and citation to authority, but there is no meaningful analysis. He did not demonstrate how, for instance, the record was devoid of medical evidence contradicting that supplied by his treating physicians in support of a finding in his favor. Nor did he indicate that the ALJ relied upon speculation, lay opinion or his own credibility judgments. In the absence of any substantive analysis, I find his assertion that the Commissioner violated the treating physician doctrine to be undeveloped and wholly inadequate. *See Pennsylvania v. U.S. Dept. of Health & Human Serv.*, 101 F.3d 939, 945 (3d Cir. 1996) (stating that conclusory assertions, unaccompanied by a substantial argument, will not suffice to bring an issue before the court). Consequently, I will not address the theory set forth in this topic heading.

Similarly, in Section 2 of his Brief, Zimmerman charges that "The Commissioner erred in rejecting the treating physician's opinions without adequate articulation." *See ECF Docket No*. [12], p. 12. Zimmerman urges that "[e]ven if this Court should not be compelled to agree that the Commissioner has failed to support her determination that Claimant is not disabled with substantial information, *the Court may nevertheless be compelled to find that the Commissioner's decision cannot stand because the Commissioner has violated the treating physician's rule set forth at 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) as a matter of law*." *See ECF Docket No*. [12], p. 12 (emphasis added). In evaluating a treating physician's opinion, that Section advises an ALJ to consider factors such as the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with other evidence of record, and any specialization of the opining physician.

6

Significantly, however, Zimmerman's brief is devoid of any analysis of the ALJ's opinion in this regard. There is no discussion or demonstration of how the ALJ failed to consider the nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with other record evidence or of the specialization of the opining physician. Instead, Zimmerman provides a paragraph of citations to his medical records. The charge before me is to address the sufficiency, or lack thereof, of the ALJ's analysis.

I find that the ALJ discharged her duties in accordance with the governing law. For instance, with respect to Dr. Lee, the ALJ did expressly articulate the weight she gave his opinion. (R. 20, "The Administrative Law Judge accords Dr. Lee's opinion as to the claimant's functionality no significant or controlling weight….") The ALJ also explained the basis for her conclusion, "it is supported by little more than the claimant's ongoing, subjective presentation and complaints, which are offered within a context that involves multiple sources of underlying, secondary gain (including ongoing obtainment of addictive medications and establishing or maintaining eligibility for public assistance / disability benefits)." (R. 20) The records indicate that in July of 2010, Dr. Lee saw Zimmerman and was told that a EMG / NCS of his low back and legs did not indicate any abnormality, nor did a lumbar spine MRI. (R. 443) Further, the ALJ addressed the inconsistency of Dr. Lee's conclusions with the other evidence of record:

> The claimant was found "not disabled" in February 2010 and no objective evidence indicates any significant deterioration or worsening in his condition. He ostensibly performed "heavy" exertional activity for 10 hours a day in 2008 while presenting himself as having been totally disabled since May 2006. Imaging studies do not support his longitudinal, subjective complaints and his activities indicate far greater functionality than he has acknowledged in multiple instances. As Dr. Lee's opinion appears substantially predicated upon the reliability of the claimant's reported symptoms, it is entitled to little weight and is not seen as an accurate estimation of the claimant's true, inherent functionality.

(R. 20)

The ALJ made similar findings with respect to Dr. Albert, rejecting the opinion as "unreliable and inadequately supported." (R. 20) For instance, the ALJ noted that Dr. Albert had

7

only been treating Zimmerman for six months, that Zimmerman himself had testified that the medications Dr. Albert prescribed had been helpful, and that the GAF scores indicated no more than "moderate" psychological functional limitation. (R. 20) Referencing Dr. Albert's notation that Zimmerman had been sober and without drinking since September 2012 and Zimmerman's subsequent admission at the hearing that he continued to use alcohol, the ALJ observed that Dr. Albert's "opinion appears predicated at least in part upon the unreliable presentations and assertions of the claimant." (R. 21) The ALJ also noted inconsistencies between Dr. Albert's conclusion that Zimmerman satisfied the criteria under the listings for mental impairments, and Zimmerman's own statements in his pre-hearing memorandum in which he denied that he met the listing criteria. (R. 21) Similarly, the ALJ identified inconsistencies between Dr. Albert's progress notes and her proffered opinion, and inconsistencies between the limitations that Dr. Albert endorsed and Zimmerman's activities of daily living. (R. 17)

Consequently, contrary to Zimmerman's arguments both in his Brief and Reply Brief, I find that the ALJ did address the relevant factors in applying the physician's rule; such as the length of treatment, the supportability of the opinion and the consistency of the opinion with the record of the whole. As such, I find no basis for overturning the ALJ's decision in this regard.

2. Hypothetical Question

In the third and fourth sections of his Brief, Zimmerman challenges the adequacy of the hypothetical question posed to the vocational expert. Zimmerman's argument appears to be that the hypothetical was deficient because it did not include references to the limitations set forth by Dr. Albert and Dr. Lee, because it did not include reference to his use of a cane, and because it did not take into account such things as the amount of time that he would be off task. *See ECF Docket No.* [12], pp. 16-18. After careful review, I find the hypothetical appropriate.

As stated above, Zimmerman has not presented a cogent or compelling argument that the ALJ erred in rejecting the opinions of his treating physicians. A hypothetical need only

8

contain the limitations that are credibly established by the record. *See Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). It is wholly appropriate for the ALJ to disregard responses from a vocational expert that address hypothetical questions that are inconsistent with the evidence. *Jones v. Barnhart*, 364 F.3d 501, 506 (3d Cir. 2004). Because I find no errors with respect to the ALJ's application of the treating physician rule, I reject Zimmerman's attack on the hypothetical question posed to the vocational expert, or the ALJ's reliance upon the answer.

### III. **CONCLUSION**

After a thorough review of the record and careful consideration of Zimmerman's arguments, I find that the decision rendered below should be affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VINCENT E. ZIMMERMAN, )
       )
    Plaintiff, )
       )
 -vs- ) Civil Action No. 14-1742
       )
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
       )
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 15th day of July, 2015, it is ordered that Defendant's Motion for Summary Judgment (Docket No. 14) is granted and Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied.

          BY THE COURT:

          /s/ Donetta W. Ambrose
          Donetta W. Ambrose
          United States Senior District Judge